UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BAYVIEW LOAN SERVICING, LLC, *substituted for Wilmington Savings Fund Society, FSB per ECF No. 33 Order,*<br><br>Plaintiff,<br>v.<br>MARTHA C. TREJO, *et al.*,<br>Defendants. | Case No. 2:17-cv-01016-MMD-NJK<br><br>ORDER |

## I. SUMMARY

This dispute involves a homeowners' association ("HOA") foreclosure sale of the property located at 6039 Sun Appello Ave., Las Vegas, Nevada 89122 (the "Property"). (See ECF No. 1 at 2.) Before the Court is Defendant Martha C. Trejo's motion to set aside default judgment ("Motion").[1] (ECF No. 47.) For the reasons explained below, the Court will deny the Motion.

## II. BACKGROUND

In September 2007, Trejo purchased the Property by obtaining a loan evidenced by a note ("Note") and secured by a deed of trust ("DOT"). (ECF No. 45 at 1.) Through a series of assignments recorded against the Property, Plaintiff Bayview Loan Servicing, LLC is now the beneficiary of the DOT and holder of the Note. (*Id.*) On March 1, 2009, Defendant defaulted on the Note and failed to pay her HOA dues, resulting in the HOA initiating foreclosure proceedings. (*Id.* at 2.) On January 11, 2011, Las Vegas Development, LLC bought the Property at the HOA sale and sold it to Co-Defendant Airmotive Investments, LLC ("Airmotive") on February 24, 2011. (ECF No. 1 at 2, 5.)

---

[1]The Court has reviewed Plaintiff's response (ECF No. 48).

On April 4, 2017, Plaintiff's predecessor in interest filed this action against Airmotive and Trejo. (ECF No. 1.) On April 27, 2017, the Complaint and Summons were personally served on Trejo (ECF No. 11), but she did not appear or otherwise respond. She alleges that, as a 72-year-old Hispanic women who speaks English as a second language, she relied on the advice of her friends and family "that the action only really related to the current owner of the Property, [Airmotive] and the Plaintiff; not with [Trejo]." (ECF No. 47 at 8.) On May 31, 2018, Chicago Title Insurance Company ("Title Company") sent Trejo a demand letter that she reimburse the company $2,026.66 for paying off the HOA lien on the Property. (ECF No. 47-1.) Trejo remitted $1,000.00 to the Title Company to settle the account and assumed "this payment was the same payment for which she had been sued by the Plaintiff." (ECF No. 47 at 8.)

On November 8, 2018, the Clerk of Court entered default against Trejo. (ECF No. 37.) On December 13, 2018, Plaintiff served Trejo with a motion for leave to file documents under seal in support of Plaintiff's anticipated application for default judgment. (ECF No. 38.) The Court denied this motion without prejudice. (ECF No. 39.) On January 17, 2019, Plaintiff served Trejo its motion to file documents under seal and application for default judgment against her. (ECF Nos. 40, 41.) On February 26, 2019, the Court granted Plaintiff's motion for default judgment (ECF No. 43) and entered the order on March 11, 2019 (ECF No. 45.) On March 13, 2019, Trejo finally appeared and filed this counseled Motion. (ECF No. 47.)

**III.    LEGAL STANDARD**

Federal Rule of Civil Procedure Rule 60(b) provides that a court may relieve a party from a final judgment only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion). A district

court has discretion to correct a judgment for mistake caused by the party, counsel, or even the court. *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004); *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

A court may find excusable neglect by applying the "good cause" standard. *TCI Grp. Life Ins. Plan v. Knoebber* ("*TCI Group*"), 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 121 (2001). That standard requires a court to consider the three following *Falk* factors: "'(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default.'" *Brandt v. Am. Bankers Ins. Co. of Fla.,* 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984)). The court may refuse to set aside default if it holds any one of the three factors is true. *U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1091 (9th Cir. 2010). However, "'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Mesle,* 615 F.3d at 1091 (quoting *Falk,* 739 F.2d at 463).

**IV.     DISCUSSION**

Trejo argues that the Court should aside default judgment because her delay was the result of mistake and excusable neglect (Fed. R. Civ. P. 60(b)(1)).[2] (ECF No. 47 at 8.) For the reasons explained below, the Court rejects both arguments.

Trejo asserts she failed to answer the Complaint due to two mistakes: (1) she thought this action only related to Airmotive, not her; and (2) she thought that her check to the Title Company would settle Plaintiff's claims against her in this action. (*Id.*) Contrary to Trejo's first argument, her second argument suggests that she knew she was the target of this lawsuit from the start. Furthermore, the Title Company sent Trejo a demand letter

---

[2]Trejo is precluded from asking this Court to set aside default judgment for "any other reason justifying relief from the judgment" (Fed. R. Civ. P. 60(b)(6)) because she is already relying on Rule 60(b)(1). (ECF No. 47 at 8.) *Molloy v. Wilson*, 878 F.2d 313, 316 (9th Cir. 1989) ("[C]lause (6) and the preceding clauses are mutually exclusive; a motion brought under clause (6) must be for some reason other than the five reasons preceding it . . .")

3

more than a year after the Complaint was filed, which highlights her failure to explain why she did not appear in the action up until that point. Even if Trejo believed that she settled Plaintiff's claims, she was on notice that she was mistaken when Plaintiff repeatedly served her with documents on December 13, 2018 (ECF No. 39) and January 17, 2019 (ECF Nos. 40, 41) indicating that Plaintiff was seeking default judgment against her. Nevertheless, she remained absent from this case until she filed the Motion on March 13, 2019. (ECF No. 47.) Because there are contradictions and gaps in Trejo's excuses, this Court finds that her failure to answer the Complaint was not due to mistake.

Trejo asserts that her tardiness was due to excusable neglect, but Plaintiff counters that she is culpable, and that her tardiness has prejudiced Plaintiff. The Court agrees with Plaintiff and finds that these two *Falk* factors tip in favor of denying Trejo's Motion.[3]

"A defendant's conduct is culpable if [she] has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group*, 244 F.3d at 697 (emphasis in original). Moreover, a defendant's conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698. For reasons already stated above, Trejo knew that Plaintiff filed this action against her, but she disregarded her obligation to answer the Complaint. Even if Trejo did not have the assistance of counsel until just recently, the Ninth Circuit has repeatedly determined that *pro se* litigants are not excused from following court rules. *See, e.g., King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Trejo has proffered no valid excuse for failing to respond to the Complaint, therefore the Court finds that she is culpable.

///

---

[3]The Court declines to address Trejo's argument that she has a meritorious defense (ECF No. 47 at 9-10) because the Court finds that the two other *Falk* factors sufficiently support a denial of Trejo's Motion. *See Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir.1987) (Where default judgment is entered as a result of a defendant's culpable conduct, a court does not need to determine whether meritorious defense was shown or whether the plaintiff would suffer prejudice if the judgment were set aside.).

1 | Trejo's delay has also prejudiced Plaintiff. Trejo asserts in her Motion that the HOA failed to provide her with notice of the HOA foreclosure sale. (ECF No. 47 at 4.) *See TGI Group*, 244 F.3d at 701 ("[T]he delay must result in tangible harm such as loss of evidence . . .") (citation omitted). "NRS Chapter 116 protects homeowners by requiring a foreclosing HOA to provide the homeowner a 90-day notice of default, followed by a separate notice of sale, before an HOA lien foreclosure sale can proceed." *U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC*, 444 P.3d 442, 445 (Nev. 2019) (citing to NRS §§ 116.31162(1)(c), 116.311635). Failure to provide notice of sale warrants voiding the foreclosure sale. *See, e.g.*, *Christiana Tr. v. SFR Invs. Pool 1, LLC*, No. 2:16-cv-00684-GMN-CWH, 2018 WL 6603643, at *4 (D. Nev. Dec. 17, 2018) (collecting cases). "A void sale, in contrast to a voidable sale, defeats the competing title of even a bona fide purchaser for value." *U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC*, 444 P.3d at 448 (citation omitted). Had Plaintiff known that the HOA failed to provide Trejo with a notice of foreclosure sale, Plaintiff could have voided the foreclosure sale insofar as it caused the extinguishment of Plaintiff's DOT, which would have continued to encumber the Property. *See Christiana Tr.,* 2018 WL 6603643, at *7. As Plaintiff contends, this information would have affected Plaintiff's settlement with Airmotive and any other related parties. (ECF No. 48 at 6.) Trejo's failure to participate in this action has hindered Plaintiff's ability to pursue its claim against Airmotive, and therefore prejudiced Plaintiff. *See TCI Group*, 244 F.3d at 701 (holding that the standard for finding prejudice is whether "[plaintiff's] ability to pursue his claim will be hindered").

In sum, the Court finds that the two foregoing *Falk* factors tip in favor of denying Trejo's Motion.

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is ordered that Defendant Trejo's motion to set aside default judgment (ECF No. 47) is denied.

DATED THIS 18th day of November 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE